IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARL L. HOWARD,                :

   Plaintiff,               :

vs.                            :          CA 06-0555-C

MICHAEL J. ASTRUE,             :
Commissioner of Social Security,
                               :
   Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 20 & 21 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's

proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the June 6, 2007 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to coronary artery disease, mild chronic obstructive pulmonary disease, disc space narrowing at the L4-5 level and back pain. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.  The medical evidence establishes that the claimant possesses the severe impairments of coronary artery disease and mild chronic obstructive pulmonary disease (COPD); however, he does not possess an impairment or combination of impairments, listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 4.  The claimant's allegations of pain and functional limitations to the degree alleged are not supported by the evidence in the record.
>
> 5.  At all times relevant to this decision, the claimant possessed the residual functional capacity to perform work activities in the sedentary and light exertional ranges. The

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 20 & 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

Administrative Law Judge finds that the physical capacities and limitations set out by the examining cardiologist, Dr. Rihner, in the Medical Source Opinion form at Exhibit 14F, are an accurate assessment of the claimant's abilities to do work-related activities. Specifically, the Administrative Law Judge finds that the claimant is capable of sitting for four hours during an eight hour workday, standing for two hours during an eight hour workday, walking for four hours during an eight hour workday, frequently lifting 50-100 pounds, frequently carrying 25 to 50 pounds, occasionally lifting 100 pounds, and occasionally carrying 50 pounds. The claimant has no manipulative, visual, or communicative limitations, he can frequently push and pull with his arms and legs, frequently perform overhead reaching, and occasionally balance, stoop, kneel, crouch, and crawl. With respect to environmental limitations, the Administrative Law Judge finds that the claimant is totally restricted from working in high, exposed places, but that he can tolerate occasional exposure to extreme cold, heat, wetness/humidity, vibration, fumes, noxious odors, dust, mists, gases, or poor ventilation, and he can frequently drive automotive equipment.

6.  As of February 13, 2003, the claimant was 43 years old, which the Regulations define as a "younger person." (20 CFR Sections 404.1563 and 416.963).

7.  The claimant has a "high school" level of education. (20 CFR Sections 404.1564 and 416.954).

8.  Since February 13, 2003, the claimant has been unable to return to his past relevant work as a floor covering installer.

9.  Based on the claimant's ability to perform work activities in the sedentary and light exertional ranges on a regular and sustained basis as set out above, the claimant is capable of making an adjustment to other work which exists in significant numbers in the national economy. Vocational expert witness testimony supports the conclusion that a significant number of unskilled jobs exist at the light and sedentary exertional levels

> that a person could perform who possessed the capacities and limitations expressed in the Administrative Law Judge's hypothetical questions, and giving the claimant the benefit of the doubt, most closely parallels those of the claimant. Examples given were cashier, courier, mail clerk, bench assembler, hand mounter, and order clerk.
>
> 10.   The claimant has not been under a "disability," as defined in the Social Security Act, as amended, at any time through the date of this decision.

(Tr. 27-28)  The Appeals Council affirmed the ALJ's decision (Tr. 6-8) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id*. at 1005.  Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler*, 764 F.2d 834, 836 (11th

Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform the light and sedentary jobs identified by the vocational expert, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ made the following errors: (1) in violation of HALLEX I-2-7-30(H), he failed to hold a supplemental hearing requested by plaintiff to allow him the opportunity to cross-examine a consulting physician regarding evidence considered when forming a medical source statement; (2) he erred in assigning controlling weight to the opinion of the consulting cardiologist; (3) he erred in failing to assigne controlling weight to the opinion of the treating cardiologist, Dr. Charles Parrott; and (4) he erred in failing to find his back pain to be a severe

impairment. Because it is clear to the undersigned that the ALJ erred in failing to comply with the Administration's own internal procedures and conduct a supplemental hearing at the plaintiff's request, this Court need not address the remaining issues raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

The Hearings, Appeals and Litigation Law Manual ("HALLEX") is a policy manual written by the Social Security Administration to provide policy and procedural guidelines to ALJs and other staff members. *See Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). The HALLEX recognizes that most post-hearing actions taken by ALJs involve the development and receipt of additional evidence. *HALLEX*, Chapt. I-2-7-1.

> When an Administrative Law Judge (ALJ) receives additional evidence after the hearing from a source other than the claimant or the claimant's representative, and proposes to admit the evidence into the record, the ALJ must proffer the evidence, i.e., give the claimant and representative the opportunity to examine the evidence and comment on, object to, or refute the evidence by submitting other evidence, requesting a supplemental hearing, or if required for a full and true disclosure of the facts, cross-examining the author(s) of the evidence.

*Id*. The manual instructs that "[i]f the claimant requests a supplemental hearing, the ALJ **must grant the request**, unless the ALJ receives additional

documentary evidence that supports a fully favorable decision." *HALLEX,* Chapt. I-2-7-30(H) (emphasis supplied).

> If the claimant requests an opportunity to question the author(s) of any posthearing report other than the written response of an ME or VE to interrogatories, the ALJ must determine if questioning of the author is required to inquire fully into the matters at issue and, if so, whether the questioning should be conducted through live testimony or written interrogatories (considering the difficulty of anticipating in written interrogatories all the questions that might arise and the claimant's opportunity for a supplemental hearing).
>
> . . .
>
> If the ALJ requests the author to appear for questioning, and the author declines to appear voluntarily, the ALJ should apply the provisions of I-2-5-78, Use of Subpoenas–General, to determine if the claimant should be afforded use of the subpoena and consequent cross-examination. If a subpoena is issued, the procedures in I-2-5-80, Preparation and Service of a Subpoena, and those in I-2-5-82, Noncompliance with a Subpoena, apply.

*Id*.

In this case, following the October 25, 2004 administrative hearing (*see* Tr. 313-344), the ALJ requested Dr. Michael Rihner to complete another physical capacities evaluation ("PCE") since the one he completed on or about July 1, 2004 "could reflect either disability or work capability." (Doc. 12, Attached Letter Dated October 25, 2004; *compare id*. ("Enclosed is a copy of your recent evaluation and PCE form. In as much as the PCE could reflect

7

either disability or work capability, I would appreciate it very much if you would complete the enclosed PCE and based upon your examination, the claimant's complaints and the other evidence of record and give us your best precise opinions as to the claimant[']s capacities in each category.") *with* Tr. 336-337 ("I need to note that on the low end of this where he can only stand for one hour in a day, walk for two, sit for two, that would only be a four-hour total. At the low end of what Dr. Rihner says there'd be no work appropriate.")) On December 28, 2004, Dr. Rihner completed the PCE as requested by the ALJ, indicating thereon that plaintiff was capable of standing and/or walking at least 2 hours in an 8-hour workday and sitting for about 6 hours in an 8-hour workday. (Tr. 248-251) Dr. Rihner provided no explanation for the changes. (*Id.*)

Following receipt of Dr. Rihner's December 28, 2004 PCE, plaintiff's counsel requested a supplemental hearing to allow for cross-examination of Dr. Rihner. (*See* Tr. 123-127) The ALJ denied this request. (Tr. 128)

> As we both know it is impractical, if not impossible[,] to enforce a subpoena requiring a physician to appear for a Social Security hearing within a reasonable period of time. I would estimate that a time period of 6 months to a year would be involved with no certainty the hearing could take place even then. The obvious alternative available to you as you well know is to simply arrange to take Dr. Rihner's deposition. In taking his deposition you can obtain all the information you seek in a very short time

> frame. You may cross examine, ask leading questions, conduct the deposition at your convenience and under your control, as the administration will have no notice and no one will appear on behalf of [the] Social Security Administration.
>
> I will hold this matter in post for thirty days to allow you to accomplish this.

(*Id.*) Obviously, instead of complying with the requirements of the HALLEX and conducting a supplemental hearing, the ALJ instructed plaintiff's counsel to depose Dr. Rihner.[2] As explained below, this was error.

In *Newton v. Apfel*, 209 F.3d 448 (2000), the Fifth Circuit determined that "[w]hile HALLEX does not carry the authority of law, this court has held that 'where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required.'" *Id.* at 459, quoting *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).[3] Should a violation of the HALLEX prejudice the

---

[2]   As "impractical" as it might have been for the ALJ to conduct a supplemental hearing, it really was impossible for plaintiff's counsel to depose Dr. Rihner because no civil action had yet been filed by plaintiff. For his part, the ALJ cites to nothing empowering plaintiff's counsel to depose Dr. Rihner. (*See* Tr. 128)  In addition, placing the financial burden of deposing a physician upon the unemployed claimant, as opposed to recognizing the Administration's own internal procedures for conducting a supplemental hearing and subpoenaing witnesses, would be at odds with the remedial nature of the Social Security Act.

[3]   All decisions of the former Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).  The Fifth Circuit handed down its decision in *Hall, supra*, on September 9, 1981. 660 F.2d at 116.

claimant, "the result cannot stand." *Newton, supra*, 209 F.3d at 459, citing *Hall*, 660 F.2d at 119.

This Court finds that plaintiff was prejudiced by the ALJ's failure to order a supplemental hearing as required by the HALLEX because he was deprived of the opportunity to cross-examine Dr. Rihner on the critical changes made by the consultative physician on the December 28, 2004 PCE, without the benefit of an additional examination and perhaps updated medical evidence, regarding his ability to sit, stand and walk. (*Compare* Tr. 217-219 *with* Tr. 248-251) Accordingly, the ALJ's decision in this case denying claimant benefits cannot stand; this case must be remanded to the Commissioner of Social Security for additional administrative proceedings.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239

(1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 19th day of June, 2007.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**